# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NORMAN S. GLASGOW, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | ) Case number 4:08cv0716 JCH/TCM |
| | ) |
| JEAN ANN JACKSON, | ) |
| | ) |
|        Respondent. | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Norman S. Glasgow (Petitioner), a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from a conviction after a jury trial.[1]  See 28 U.S.C. § 2254.  Respondent filed a Response to the Order to Show Cause Why a Writ of Habeas Corpus Should Not Issue (Response).

---

[1] Petitioner was incarcerated at Missouri's Western Correctional Center, where Jean Ann Johnson is the Warden, when he filed this federal habeas action challenging his underlying criminal conviction, which resulted in 2003 in the imposition of a fifteen year sentence.  Petitioner subsequently filed a notice of change of address [Doc. 17] notifying this Court that he was released from custody.  Because Petitioner was in the custody of the State of Missouri when he filed his habeas petition, the "in custody" requirement of 28 U.S.C. § 2254 is satisfied and this Court has jurisdiction to entertain his petition.  **Beets v. Iowa Dep't of Corr. Servs.**, 164 F.3d 1131, 1133 n.2 (8th Cir. 1999) (citing Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968)).

Petitioner identified the then-Attorney General for the State of Missouri, Jeremiah W. (Jay) Nixon, in his federal habeas petition.  (Pet. at 1 [Doc. 1].)  Because Petitioner is not challenging a sentence he is going to serve in the future, the present Attorney General of Missouri, Chris Koster, will not be added as a Respondent.  See Rule 2(b), Rules Governing Section 2254 in the United States District Court.

This matter is before the undersigned United States Magistrate for a review and a recommended disposition. See 28 U.S.C. § 636(b). Finding that the petition is untimely, the undersigned recommends dismissing the petition without further proceedings.

**Background**

Petitioner was charged with attempting to manufacture a controlled substance, in violation of Mo. Rev. Stat. § 195.211, on September 27, 2001, by possessing, with two others, ingredients for the making of methamphetamine, in a vehicle under Petitioner's control. (Information, filed May 3, 2002, Direct Appeal Legal File, Resp't Ex. B, at 10-11 [all of Respondent's Exhibits are filed as part of Doc. 16].) The jury found Petitioner guilty of the charged offense. (Verdict, Direct Appeal Legal File, Resp't Ex. B, at 60, Trial Tr., Resp't Ex. A, at 350-55.) On February 10, 2003, the trial court sentenced Petitioner to a term of imprisonment of fifteen years. (Trial Tr., Resp't Ex. A at 368; Sentence and Judgment, Direct Appeal Legal File, Resp't Ex. B, at 71-72.)

Petitioner filed a timely direct appeal on February 14, 2003. (Notice of Appeal, Direct Appeal Legal File, Resp't Ex. B, at 74-75.) The Court of Appeals for the Western District of Missouri ("Western District") affirmed Petitioner's conviction in a summary per curiam order, dated September 28, 2004, supported by a memorandum explaining the decision that was sent only to the parties. (Order and Mem., Resp't Ex. E.) The Missouri Court of Appeals issued its direct appeal mandate on October 20, 2004. (See October 20, 2004, entry on docket sheet for State v. Glasgow, WD62490, Resp't Ex. K, at 3.) Petitioner did not file a motion for transfer to the Missouri Supreme Court or a petition for certiorari with the United States

Supreme Court. (See entries after October 20, 2004 entry on docket sheet for State v. Glasgow, WD62490, Resp't Ex. K, at 3.)

On January 7, 2005, Petitioner filed a pro se motion for post-conviction relief. (Pet'r Mot Post-Conviction Relief, Post-Conviction Legal File, Resp't Ex. H, at 3-23.) Thereafter, through counsel, Petitioner filed an amended motion for post-conviction relief, including a request for an evidentiary hearing. (Pet'r Am. Mot Post-Conviction Relief, id. at 31-148). The motion court entered its Findings of Fact, Conclusions of Law and Judgment (Judgment) on August 3, 2005.[2] (Judgment, 29.15 Appeal Legal File, Resp't Ex. G, at 114, 118-20)

Petitioner filed an appeal on September 9, 2005. (Notice of Appeal, 29.15 Appeal Legal File, Resp't Ex. G, at 193.) The Western District affirmed the motion court's decision in a summary per curiam order, dated January 23, 2007, accompanied by a memorandum explaining the decision that was sent only to the parties. (Order and Mem. Resp't Ex. J.) The state appellate court issued its mandate in the post-conviction appeal on May 3, 2007, after the Missouri Supreme Court denied transfer. (See entries after January 23, 2007, on post-conviction docket sheet, Case No. WD65948, Resp't Ex. L, at 3.)

---

[2] The Judgment contains the handwritten date of August 2, 2005 (Judgment, 29.15 Appeal Legal File, Resp't Ex. G, at 183; see also notice of appeal in post-conviction proceeding, id. at 193), while the docket sheet entry for the Judgment and the file-stamp on the Judgment indicate the Judgment was dated August 3, 2005 (id. at 3, 183.) The one day difference in dates is not significant for purposes of this Recommendation, so the Court will use the later date as the date of the Judgment.

In his habeas petition, filed at least by April 29, 2008,[3] Petitioner raised eight grounds for relief: (1) that there was insufficient probable cause to support the traffic stop, which led to the identity of Petitioner and the discovery of incriminating evidence (Pet. at 16); (2) that Petitioner was deprived of the opportunity to confront all essential witnesses in that the State concealed from him and his trial attorney the existence of a second confidential informant in violation of **Brady v. Maryland**, 373 U.S. 83 (1963) (id. at 16-17); (3) the State failed to disclose the benefits Billups received in exchange for her testimony against Petitioner (id. at 17); (4) Petitioner's right to due process was violated by the State's destruction of evidence without following the procedures in Mo. Rev. Stat. § 490.733 (id. at 17-18); (5) Petitioner received ineffective assistance of counsel when his trial attorney failed to preserve for appellate review the remarks of venireperson Singleton regarding his knowledge of Petitioner being "involved with illegal drugs" (id. at 18); (6) Petitioner received ineffective assistance of counsel when his attorney on direct appeal failed to argue the trial court was without jurisdiction to impose sentence "based on Jury Instruction No. 5" (id. at 19); (7) Petitioner received ineffective assistance of counsel when his trial attorney failed to present an entrapment defense (id.); and (8) Petitioner received ineffective assistance of counsel when

---

[3] This habeas proceeding was filed in this Court on May 16, 2008, upon transfer from the United States District Court for the Western District of Missouri where it was originally filed on May 5, 2008. (See May 5, 2008 docket entry for document number 1 in Glasgow v. Missouri, Case No. 4:08cv0323SOW (W. D. Mo. filed May 5, 2008) [Doc. 4-3].) The motion for in forma pauperis status filed by Petitioner [Doc. 2], which was submitted with the habeas petition, reveals that Petitioner signed that motion on dated April 29, 2008. Under the circumstances, the Court will consider that April 29, 2008 date as the date Petitioner filed his habeas petition.

his trial attorney failed to interview Sergeant Conklin prior to trial "concerning the meeting held at Troop B Highway Patrol Headquarters in Macon, Missouri" (id. at 20).

Respondent first argues that the petition should be dismissed as untimely. Additionally, Respondent urges that several of the claims are procedurally barred, that several of the claims are not cognizable in a federal habeas action, and that all of the claims lack merit. The Court will first address the timeliness of the petition.

## **DISCUSSION**

Respondent contends Petitioner's federal habeas petition is time-barred because it was not filed within the one-year statutory limitations period in 28 U.S.C. § 2244(d)(1), and Petitioner is not entitled to tolling of that period. More specifically, the habeas petition is untimely, Respondent argues, because 441 days passed between the conclusion of the direct appeal and Petitioner's filing of his federal habeas petition.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition. That year runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1)." **Jimenez v. Quarterman**, 555 U.S. 113, 114-15 (2009). The first specified date is "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" **Id.** at 115 (quoting 28 U.S.C. § 2244(d)(1)(A)). This first possible date is the date relevant to this federal habeas proceeding.

The Supreme Court has determined that "direct review" for purposes of 28 U.S.C. § 2244(d)(1)(A)

> cannot conclude . . . until the "availability of direct appeal to the state courts," Caspari v. Bohlen, 510 U.S. 383, 390 . . . (1994), and to th[e United States Supreme] Court, Lawrence[ v. Florida, 549 U.S. 327,] 332-33 [(2007)], has been exhausted. Until that time, the "process of direct review" has not "com[e] to an end" and "a presumption of finality and legality" cannot yet have "attache[d] to the conviction and sentence," Barefoot v. Estelle, 463 U.S. 880, 887 . . . (1983).

**Jimenez**, 555 U.S. at 119-20 (fourth and fifth alterations in original). For purposes of this statutory provision, when a "federal court [is] presented with an individual's first petition for habeas relief[, the court must] make use of the date on which the entirety of the state direct appellate review process was completed." **Id.** at 121.

In instances, such as in this case, when the Missouri Court of Appeals issues a decision in a direct appeal and the petitioner does not seek transfer to the Missouri Supreme Court, the United States Court of Appeals for the Eighth Circuit holds that the direct appeal becomes final when the mandate of the appellate court issues. **Riddle v. Kemna**, 523 F.3d 850, 855, 856 (8th Cir. 2008) (en banc). In such circumstances, the federal habeas court does not include in the period provided by 28 U.S.C. § 2244(d)(1)(A) the ninety-day period allowed for filing a petition for certiorari to the United States Supreme Court because the United States Supreme Court could not review the petitioner's direct appeal due to the absence of a decision by the state court of last resort, the Missouri Supreme Court. **Id.** at 855. Therefore, in these

situations, "the statute of limitations in 28 U.S.C. § 2244(d)(1) [begins] the day after the direct-appeal mandate" is issued. **Id.** at 856.

Here, the Missouri Court of Appeals issued its direct-appeal mandate on October 20, 2004, and Petitioner did not request transfer to the Missouri Supreme Court or file a petition for writ of certiorari with the United States Supreme Court. Therefore, the one-year limitation period for the filing of Petitioner's federal habeas petition began on Thursday, October 21, 2004, the day after the direct-appeal mandate issued, and would end one year later, on Friday, October 21, 2005, if other proceedings did not affect the calculation of the one-year period. See, e.g., 28 U.S.C. § 2244(d)(2).

That statutory provision states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner had ninety days from the date of the appellate court mandate, or until Wednesday, January 19, 2005, to file a post-conviction motion. Mo. S. Ct. Rule 29.15(b). Petitioner timely filed his post-conviction motion on January 7, 2005. The time between the conclusion of the direct appeal on October 20, 2004, and the January 7, 2005, post-conviction motion filing date, however, does not toll the AEDPA's one-year statute of limitations. **McMullan v. Roper**, 599 F.3d 849, 852 (8th Cir.), cert. denied, 131 S. Ct. 602 (2010); see also **Painter v. Iowa**, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[a] review of our cases makes clear . . . that the time between the date that direct review of a conviction is

completed and the date that an application for state post-conviction relief is filed counts against the one-year period").  A total of 78 days passed between October 21, 2004, the day after issuance of the direct-appeal mandate, and January 7, 2005, the date Petitioner filed his post-conviction motion, leaving 287 days for the filing of a federal habeas petition. **McMullan**, 599 F.3d at 852 (a petitioner who used 81 days between the issuance of the direct appeal mandate and the filing of the post-conviction petition had "284 days to file a federal habeas petition").  The motion court denied Petitioner's post-conviction motion on August 3, 2005.

"State [post-conviction] proceedings are 'pending' for the period between the [motion] court's denial of the [post-conviction motion] and the timely filing of an appeal from it." **Maghee v. Ault**, 410 F.3d 473, 475 (8th Cir. 2005); see also **Evans v. Chavis**, 546 U.S. 189, 191 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law"). To be timely, a post-conviction appeal must be filed within forty days after entry of the post-conviction judgment.  **State v. Mackin**, 927 S.W.2d 553, 557 (Mo. Ct. App. 1996).  This forty day period ended on September 13, 2005.  Petitioner timely filed his post-conviction appeal on Friday, September 9, 2005.  Therefore, Petitioner's post-conviction motion tolled the statutory one-year period within which Petitioner had to file a federal habeas petition until the appellate court issued its post-conviction mandate.  **McMullan**, 599 F.3d at 852.  The

appellate court issued the post-conviction mandate on May 3, 2007, a Thursday. The next day, Friday, May 4, 2007, is the date on which the statute of limitations period began to run again.

To timely file the habeas petition within one year of the issuance of the mandate on direct appeal, Petitioner had to file his habeas petition 287 days[4] after the issuance of the post-conviction mandate, or by no later than Friday, February 15, 2008. Petitioner did not file his habeas petition, however, until seventy-four days later, on April 29, 2008.[5] Therefore, Petitioner's filed his federal habeas petition 74 days too late and the petition is untimely.

Although Petitioner did not timely file his federal habeas petition within the one-year period set forth in 28 U.S.C. §2244(d)(1), his federal habeas petition may be considered timely if he is entitled to equitable tolling of that one-year period. See **Holland v. Florida**, 130 S. Ct. 2549, 2560 (2010) (holding the limitations period in "§ 2244(d) is subject to equitable tolling in appropriate cases"). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." **Id.** at 2562 (internal quotations

---

[4] The 287-day total results from subtracting 78 days (the total number of days used between the issuance of the direct appeal mandate and the filing of the post-conviction motion) from 365 days (the number of days in a year).

[5] Petitioner did not provide a date for his signature on the habeas petition (Pet. at 15 [Doc. 1) and did not set forth the date on which he placed the habeas petition in the prison mailing system (id.). Additionally, a copy of the envelope in which Petitioner mailed his habeas petition is not available of record. Petitioner signed his motion for in forma pauperis status, that he submitted with his habeas petition, on April 29, 2008. Under the circumstances, the Court considers that signature date as the date on which Petitioner filed his federal habeas petition.

omitted) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Petitioner has not made any effort to show his entitlement to equitable tolling of the one-year limitations period; therefore, the Court will not further consider the effect of any equitable tolling on the timeliness of the filing of Petitioner's habeas petition.

Under the circumstances, Petitioner's habeas petition should be dismissed as untimely. Based on this conclusion, the Court will not discuss whether any of Petitioner's claims are procedurally barred, are cognizable in this habeas proceeding, or have merit.

## **Conclusion**

After careful consideration, the undersigned recommends the dismissal of Petitioner's federal habeas petition as untimely.  Accordingly,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Norman S. Glasgow be **DISMISSED** without further proceedings.

The parties are advised that they have **fourteen days** to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

          /s/ Thomas C. Mummert, III  
          THOMAS C. MUMMERT, III  
          UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of July, 2011.